**In the Matter of ALVON RESTAURANT, Inc., Bankrupt.**

**No. 93365.**

United States District Court
S. D. New York.
Nov. 12, 1958.

Levin & Weintraub, New York City, for Unofficial Committee of which Simon Jamison was Secretary and Standard Coat, Apron and Linen Service, Inc. Benjamin Weintraub, Elias Mann, New York City, of counsel.

Irving Schneider, New York City, for Joshua L. Cafiero.

SUGARMAN, District Judge.

By order dated August 7, 1958, the referee in charge of the bankruptcy proceedings of Alvon Restaurant, Inc. appointed New York Credit Men's Adjustment Bureau trustee of the estate.

The order was signed on the referee's finding that the creditors had failed to elect a trustee. It is before the court for review on the petition of Simon Jamison, the chairman of an unsecured creditors' committee, and on the petitions of two creditors, namely, Standard Coat, Apron & Linen Service, Inc. and Joshua L. Cafiero.

The Jamison petition and the petition of Standard Coat, Apron & Linen Service, Inc. allege in substance (1) that the referee erred in holding that the affidavit of Simon Jamison, as chairman of the unsecured creditor's committee, required by Local Bankruptcy Rule 14(c), was defective in that it did not expressly state that he had the delegated authority from the committee to vote the committee's proxies in the election of a trustee, and (2) that assuming such defect to exist, the referee erred in refusing a reasonable adjournment to correct the affidavit.

The Cafiero petition urges in essence that the referee erred (1) in refusing to allow him to vote certain claims for his candidate, and (2) in allowing the voting of the claim of Sea Fare Restaurant, Inc.

The Jamison and Standard Review.

■ The affidavit of Simon Jamison was not deficient in the respect cited by the referee. The rule does not expressly require nor can a requirement reasonably be implied that the affidavit under Rule 14(c) must recite that which is obvious, viz., that the affiant claims to be authorized to vote the claims of his committee.

The affidavit required by Rule 14(c) must be filed by "[a]ny member or members of a committee of creditors desiring to vote claims held by such committee." Certainly by filing the affidavit and appearing at the first meeting, the purported representative of a creditors' committee implicitly warrants his authority to vote the claims over which the committee has power.

The referee erred in rejecting the affidavit of Simon Jamison, and hence he

erred in so far as he disallowed claims attempted to be voted for one Volper by Jamison.

### The Cafiero Review.

■ The referee's finding that four of the Jamison Committee claims [1] superseded earlier powers running to the Cafiero Committee was not erroneous. The later instruments not only expressly revoked prior powers of attorney but they were necessarily inconsistent with the prior appointments and, therefore, by necessary implication rescinded the earlier powers.[2]

Nor did the referee err in allowing the Sea Fare Restaurant, Inc. claim to be voted for Volper.[3]

· The referee allowed as claims for voting purposes for Volper four claims totaling $15,599.31. To these should be added the twelve claims which Jamison sought to vote (which included the four above mentioned),[4] resulting in sixteen claims, which, together with the Canada Dry claim of $30.76 allowed by the referee as to amount, aggregate $24,999.20 for Volper. This is a clear majority in number and amount [5] against the seven claims totaling $4,656.85 which the referee allowed for Cafiero's candidate, Schneider. The referee's appointment of the New York Credit Men's Adjustment Bureau, Inc. as trustee was clearly erroneous.

The order under review is reversed and Morris Volper is declared appointed trustee by the creditors of this estate.

Settle an order.

**1.** Galvanoni & Nevy Bros. Inc. $491.32, H. Friedman & Sons $109.08, Belton Refrigeration Co. $452.40, Modern Grease Duct Cleaning Service $50; total $1,102.-80. The Cafiero Committee by attempting to vote these four claims for Schneider conceded that they should be allowed for purposes of voting.

**2.** 2 C.J.S. Agency § 77; Restatement, Agency § 119b (1933).

**3.** Bankruptcy Act, § 57, 11 U.S.C.A. § 93; 2 Collier on Bankruptcy, 14th ed., § 44.-02, p. 1638 et seq.

**4.** See footnote 1.

**5.** Bankruptcy Act, § 56, sub. a, 11 U.S.C.A. § 92, sub. a.

Even if Cafiero had valid objection to the eight Jamison claims ruled out by the referee for insufficiency of the affidavit (other than the four mentioned in footnote 1 *supra)* Volper's majority in number and amount would still be eight and $16,732.07.